UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AUCTUS FUND, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 18-cv-10216-ADB |
| ERHC Energy, Inc, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER ON MOTION FOR DEFAULT JUDGMENT**

BURROUGHS, D.J.

  This case concerns Defendant ERHC Energy, Inc.'s ("ERHC") alleged breach of an obligation to make payments pursuant to two securities purchase agreements and associated convertible promissory notes. Plaintiff Auctus Fund, LLC ("Auctus") holds the notes and filed this lawsuit to recover its damages. ERHC was served with process but has not appeared. [ECF No. 4]. Auctus now moves for a default judgment awarding damages, attorney's fees, costs, and injunctive relief. [See ECF No. 7]. For the reasons discussed below, default judgment shall enter for $440,644.87.

**I. PROCEDURAL BACKGROUND**

  On February 2, 2018, Auctus filed this action against ERHC, alleging breach of contract ("Count I"), breach of the implied covenant of good faith and fair dealing ("Count II"), unjust enrichment ("Count III"), breach of fiduciary duty ("Count IV"), fraud and deceit ("Count V"), negligent misrepresentation ("Count VI"), and violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A §§ 2, 11, ("Count VII"). [ECF No. 1 ("Complaint" or

"Compl.")]. On February 8, 2018, ERHC was served with a summons and copy of the complaint. See [ECF No. 4].

Auctus then took no action for nearly a year. On January 16, 2019, the Court ordered Auctus to show cause as to why the case should not be dismissed for failure to prosecute, or to file a motion for default. [ECF No. 5]. On January 28, 2019, Auctus filed the instant Amended Motion for Default Judgment, which seeks compensatory damages of $433,548.62, punitive damages of $1,300,645.86 pursuant to its Chapter 93A claim, $6,631.25 in attorneys' fees, $465.00 in costs, and injunctive relief. [ECF Nos. 7, 7-14, 8]. On March 14, 2019, the Court requested that Auctus file a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a). [ECF No. 10]. On March 19, 2019, Auctus filed a request for notice of default. [ECF No. 11]. On March 21, 2019, the clerk entered a default. [ECF No. 12].

## II.     FACTUAL BACKGROND

Under Federal Rule of Civil Procedure 55, an entry of default against a Defendant constitutes an admission of liability. Sec. & Exch. Comm'n v. Esposito, 260 F. Supp. 3d 79, 84 (D. Mass. 2017) (quoting Vazquez-Baldonado v. Domenech, 792 F. Supp. 2d 218, 221 (D.P.R. 2011)). ERHC is therefore "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." Id. (quoting In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002)). "On a motion for a default judgment, however, it is appropriate to independently 'examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" Id. (quoting Ramos–Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)). Accordingly, the following summary of facts is drawn primarily from the Complaint.

On April 27, 2016, ERHC executed a securities purchase agreement ("First SPA") and a convertible promissory note in favor of Auctus ("First Note"). Compl. ¶ 9. The First Note had an initial principal amount of $54,250. Id. On September 22, 2016, ERHC executed another securities purchase agreement ("Second SPA") (together with First SPA, the "SPAs") and another convertible promissory note in favor of Auctus ("Second Note") (together with First Note, the "Notes"). The Second Note had an initial principal amount of $58,750. Id. ¶ 10. Both Notes have a ten percent interest rate and are convertible into common stock at a conversion price determined by a formula stated in the Notes. [ECF Nos. 1-2 at 1; 1-4 at 1]. The SPAs and the Notes also provide for certain penalties and heightened interest rates in the event of default. [See generally ECF Nos. 1-1, 1-2, 1-3, 1-4].

ERHC defaulted on the Notes' provisions by failing to deliver common stock and pay interest, among other actions or inactions inconsistent with the terms of the Notes. Compl. ¶ 11. These events qualified as "Events of Default" as defined in the Notes and resulted in the incursion of liability for "Default Sums," which are calculated based on the interest and penalties due under each Note at that time. Id. ¶ 12–15. Until paid, the Default Sums continues to accrue interest at a rate of twenty-four percent (24%) per annum. Compl. ¶ 13; see also [ECF No. 1-2 at 1].

Auctus made a risky investment in ERHC, and the Complaint contains no non-conclusory allegation that it was misled into doing so. Auctus has recognized that its "loans" provide for a variety of "penalties" precisely because of their "high-risk nature." [ECF No. 7-1 ¶ 15]. Although the Complaint contains several allegations that, for example, ERHC "fraudulently induced the Plaintiff to invest in [ERHC] and thereby breached their promise to repay the Plaintiff" and "fraudulently concealed from the Plaintiff the full and complete financial and

operational details and prospects of [ERHC]," there is no sufficiently detailed factual allegation as to what information ERHC concealed or misstated. [Compl. ¶ 47].

## III. DISCUSSION

A default judgment may be entered without a hearing under Federal Rule of Civil Procedure 55(b) if "a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Rests., Inc., 285 F.3d at 114. As an initial matter, the Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Plasterers' and Cement Masons' Local 40 Pension Fund v. Capital Curbing Corp., No. 09-236 S., 2010 WL 1424722, at *2 (D.R.I. Mar. 12, 2010), aff'd and adopted, 2010 WL 1376293 (D.R.I. Apr. 6, 2010). The Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, as "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(2); Compl. ¶¶ 4–5.

The Complaint easily states a claim for breach of contract. Auctus invested funds in ERHC for which it has not been repaid in accordance with the terms of the SPAs and the Notes. Further, the Court takes the allegation that ERHC refused to convert Auctus' debt into equity in violation of the terms of the parties' agreements as fact. Although the Complaint contains no details related to ERHC's refusal to convert the debt, the Court infers that ERHC acted in a manner that was detrimental to Auctus' rights under the parties' agreement, and therefore constitutes a breach of the covenant of good faith and fair dealing. See Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 326 (1st Cir. 2013) ("The Massachusetts covenant of good faith and fair dealing is taken to be implied in every contract, and provides 'that neither party shall do

4

anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" (quoting Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820 (Mass. 1991))).

The Court cannot find, however, a non-conclusory factual basis in the Complaint from which it can infer that ERHC engaged in fraud, was unjustly enriched, breached a fiduciary duty, or made negligent misrepresentations. See Eureka Broadband Corp. v. Wentworth Leasing Corp., 400 F.3d 62, 68 (1st Cir. 2005) ("[F]raudulent misrepresentation under Massachusetts law" requires "that the defendant 'made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage.'" (quoting Russell v. Cooley Dickinson Hosp., Inc., 772 N.E.2d 1054, 1066 (Mass. 2002))); Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 234 (1st Cir. 2005) ("Unjust enrichment provides an equitable stopgap for occasional inadequacies in contractual remedies at law by mandating that '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.'"); Pearson v. United States, 831 F. Supp. 2d 514, 519 (D. Mass. 2011) ("To prevail on such a claim, a plaintiff must show (1) the existence of a fiduciary duty arising from a relationship between the parties, (2) a breach of that duty, (3) damages and (4) causation."). The facts alleged in the Complaint do not establish that ERHC concealed information from Auctus, that ERHC received a benefit from Auctus for which the parties' contractual agreements do not supply an adequate remedy, or that a fiduciary relationship was formed. Instead, even taken in the light most favorable to Auctus, the allegations suggest that Auctus lent money to a high-risk business, that then failed. Auctus' Chapter 93A claim also fails, because it is based upon factually unsupported allegations of fraud

5

and unspecified violations of "requirements, terms and conditions of existing statutes, [and] rules and regulations meant for the protection of the public's health, safety or welfare." [Compl. ¶ 45].

Even if the Complaint contained sufficient detail to plausibly allege that ERHC committed torts or statutory violations, the Court would not award a default judgment greater than that awarded here. See Pizzo v. Gambee, 754 F. Supp. 2d 234, 237–38 (D. Mass. 2010), amended by 796 F. Supp. 2d 270 (D. Mass. 2011) ("When a defendant fails to answer in response to a complaint seeking multiple damages pursuant to Chapter 93A, the default will establish liability but leave open the question of relief," and thus, "[a] default judgment does not bind the Court to the damages claimed in a complaint."); see also Marshall v. Stratus Pharm., Inc., 749 N.E.2d 698, 708 (Mass. App. Ct. 2001) ("Although the plaintiff alleged that the misrepresentations were wilful, the entitlement of a plaintiff to double or triple damages because of the wilfulness of a defendant is treated as a question relating to damages and, therefore, is not precluded by a default.").

## IV. DAMAGES

"It is settled that, if arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind." HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988). "A hearing may be required, however, to set damages when the amount is in dispute or is not ascertainable from the pleadings." In re The Home Rests., Inc., 285 F.3d at 114. Federal Rule of Civil Procedure 55(b)(2) provides that a court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Here, the amount at issue is

ascertainable, at least as of January 25, 2019, from the SPAs, Notes, the affidavits, and the exhibits that Auctus has submitted. [See ECF Nos. 1-1, 1-2, 1-3, 1-4 and exhibits to ECF No. 7].

Auctus has demonstrated that the principal amount of its debt was $433,548.62 as of January 25, 2019, with a portion of that amount accruing interest at a contractual rate of twenty-four percent per annum. [See ECF No. 7-2]. Although the Court does not doubt the accuracy of Auctus' calculations as of January 25, 2019, the Court's effort to calculate the present amount due have been impeded by the fact that Auctus has not provided a default date.[1] The SPAs provide for the prevailing party to recover reasonable attorney's fees and costs, and the Court awards attorney's fees of $6,631.25 and costs of $465.00. See [ECF No. 7-1 at 21; ECF No. 1-3 at 21]; see also [ECF No. 7-3 at 6–8 (fee documentation)]. The Court declines to award punitive damages or issue an injunction,[2] because it finds the allowed pecuniary award to be at least adequately compensatory. Further, the Court is concerned that the proposed injunction lacks

---

[1] This contrasts with other cases in which Actus provided the Court with a default date and principal amount the was accruing default interest. See, e.g., Amended Motion, Auctus Fund, LLC v. Nano Mobile Healthcare, 1:17-cv-11974-ADB (Jan. 25, 2019), ECF No. 17-2 (providing formulas including the default date). The Court awards precisely the amount in compensatory damages that Auctus has supported by affidavit.

[2] Auctus proposes that the Court order that: "a permanent injunction for equitable relief and specific performance shall issue compelling the Defendant, ERHC Energy, Inc., to convert, and to cause, permit, cooperate and facilitate the conversion of its outstanding debt, as held by Auctus, into publicly tradeable shares of ERHE common stock; and . . . that the conversions which are subject to the instant permanent injunction for equitable relief and specific performance shall be such amounts and timing as determined by the Plaintiff and upon the Fund's written Notice(s) of Conversion to the Defendant and its transfer agent, Corporation Stock Transfer, Inc., or its successor(s); and . . . that the Plaintiff shall pro-vide actual notice, by personal service or otherwise, of this Order upon the Defendant's transfer agent, Corporation Stock Transfer, Inc., or its successor(s), as an agent of and as a person 'in active concert' with the Defendant, and that Corporation Stock Transfer, Inc., or its successor, upon actual notice by personal service or otherwise, shall, upon receipt of the Fund's written Notice(s) of Conversion, in such amounts and timing as determined by the Plaintiff, convert, and cause, permit, cooperate and facilitate the conversion of the Defendant's outstanding debt, as held by Auctus, into publicly tradeable shares of ERHE common stock." [ECF No. 7-12].

clarity, presents administrative difficulties, and seeks to bind parties that are not before the Court.  See [ECF No. 7-12].

V.     **CONCLUSION**

Accordingly, a default judgment shall enter in the amount of $440,644.87 (being the sum of the $433,548.62 due under the Notes, $6,631.25 in attorney's fees, and $465.00 in costs).

**SO ORDERED.**

March 21, 2019                                                                          /s/ Allison D. Burroughs
                                                                                        ALLISON D. BURROUGHS
                                                                                        U.S. DISTRICT JUDGE